

**SO ORDERED.**

**SIGNED this 19 day of March, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                        CASE NO.

DAVID MARK CHILDERS                                          07-02332-5-ATS
MARY N. CHILDERS

      DEBTORS

### ORDER DENYING OBJECTION TO CONFIRMATION

The matter before the court is the objection to confirmation filed by CitiFinancial Auto Corporation. A hearing took place in Raleigh, North Carolina on March 18, 2008.

David Mark Childers and Mary N. Childers filed a petition for relief under chapter 13 of the Bankruptcy Code on October 17, 2007. CitiFinancial holds a lien on the debtors' 2004 Dodge Intrepid, securing a debt in the amount of $11,988.11. The Childers' chapter 13 plan proposes to treat CitiFinancial as secured in the amount of $6,875, with the balance to be treated as unsecured. The Intrepid was acquired within 910 days of the filing of the petition, and CitiFinancial contends that its claim cannot be bifurcated pursuant to the "hanging paragraph" of 11 U.S.C. § 1325(a). The debtors contend that the vehicle was purchased for Mr. Childers' business use, and the "hanging paragraph" does not apply.

The "hanging paragraph" is an unnumbered provision that was added to the end of § 1325(a) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23, § 306 (April 20, 2005) ("BAPCPA"), and has been the subject of many court decisions interpreting its meaning. The "hanging paragraph" provides:

> For purposes of paragraph (5) [of § 1325(a)], section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor . . . .

11 U.S.C. § 1325(a) (2005).

Several courts have concluded that "personal use" means "non-business use," and this court agreed with that interpretation in In re O'Blenes, Case No. 07-2484-5-ATS (Bankr. E.D.N.C. March 7, 2008). See also In re Solis, 356 B.R. 398, 409 (Bankr. S.D. Tex. 2006), and cases cited therein. However, "there is no guidance in the statute concerning what percentage of business use (less than 100%) would disqualify the vehicle as a 910 Vehicle." Solis at 409. The Solis court held that if the personal use is "significant and material," then the hanging paragraph applies, "regardless of whether there is also some business use." Solis at 409.

Mr. Childers testified that he sells life insurance, and his sales are conducted exclusively at the homes of his clients. His clients are mostly within a one-hour radius of his home, and he drives extensively for work. He testified that he purchased the Intrepid in 2005 to replace his previous vehicle because a reliable car is necessary for his work. Mr. Childers testified that he takes his son to school every day on his way to see his clients, and he does occasionally run errands in the Intrepid, either while he is out of town on business or on his way home. The Childers family did use the Intrepid on one family vacation, but family vacations and other family outings are somewhat

rare given their financial situation. Mr. Childers claims his mileage as a business expense for tax purposes, and he estimated that 90 percent of his annual mileage is attributable to his business.

The court finds that the Intrepid is used for business purposes, and the personal use of the vehicle is incidental to Mr. Childers' business, not significant and material. Accordingly, the hanging paragraph does not apply, and the objection to confirmation is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**